UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAARON LEE HAMMOND,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>MARTIN BITER, Warden,<br><br>　　　　Respondent. | NO. CV 13-2766-ODW (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

　　　　Petitioner objects to the state court's finding that Petitioner was not credible when he testified at the evidentiary hearing that he requested to speak to his father when he heard his father's voice over the loud speaker. Petitioner argues that his testimony could be credible if (a) Petitioner had already been transferred to the Pacific substation when he made the request to speak to his father; (b)

Petitioner arrived at the Pacific substation at a time when his father could be heard over the loud speaker; and (c) Petitioner was placed in a location where he could hear the loud speaker.

In a federal habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct" and Petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner has not satisfied that burden. At the evidentiary hearing, Petitioner did not testify that he made the second request to speak to his father after he had been transferred to a different location. (LD 3 at 333.) Detective Johnson testified that the interrogation took place at the fifth floor gang office at the police station. (*Id.* at 309.) Johnson was aware that Petitioner's father was outside during the interrogation. (*Id.* at 324-25.) There is no dispute that Petitioner's father was at the Pacific substation and not the police station where Petitioner was interrogated. (*Id.* at 334-35.) The state court's credibility finding has not been rebutted by clear and convincing evidence and the finding is not an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Petitioner's remaining objections are without merit.

IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: April 2, 2015

OTIS D. WRIGHT II
United States District Judge

2